IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOHN H. TODD,

          Plaintiff,

   v.

DONNIE BOYD, KELLEY MINTY          No. 3:19-cv-02029-HZ
MORRIS, and DERRICK DeGROOT,
Individually and in Their Official          OPINION & ORDER
Official Capacity as Klamath County
Commissioners, GALE A. MCMAHON,
KLAMATH COUNTY DISTRICT
ATTORNEY'S OFFICE, KLAMATH
COUNTY SHERIFF'S DEPARTMENT,
DAN BUNCH, Individually and in His
Official Capacity as Klamath County
Circuit Judge, ROGER ISAACS,
Individually and in His Official Capacity
as Klamath County Circuit Judge,
MICHAEL MCSHANE, Individually
and in His Official Capacity as U.S.
District Court Judge, U.S. ATTORNEY'S
OFFICE FOR OREGON, THOMAS
CLEARLY, Individually and In His
Official Capacity as Multnomah County
Assistant District Attorney, ELLEN
ROSENBLUM, Individually And in

Her Official Capacity as Oregon
Attorney General, KATE BROWN,
Individually and in Her Official Capacity
As Governor of the State of Oregon
And Chief Executive Officer, DOUG
McINNIS, KLAMATH ANIMAL
SHELTER, OREGON HUMANE
SOCIETY, and LAURA CALDERA
TAYLOR,

      Defendants.

John H. Todd
P.O. Box 608
Chiloquin, OR 97624

   Pro Se Plaintiff

Gerald Warren
Aaron Hisel
Law Office of Gerald L. Warren and Associates
901 Capitol Street NE
Salem, OR 97301

   Attorneys for Defendants Boyd, Morris, DeGroot, McMahon, and Klamath County
Sheriff's Department

Jessica Spooner
State of Oregon
Department of Justice
1162 Court St. NE
Salem, OR 97301

   Attorney for Defendants Bunch, Isaacs, Clearly, Rosenblum, Brown, and Klamath
County District Attorney's Office

Sarah Kanwit Morehead
DOJ-USAO
700 Stewart Street
Suite 5220
Seattle, WA 98101

   Attorney for Defendant McShane

Alison M. Milne
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

      Attorney for Defendant U.S. Attorney's Office for Oregon

Drake A. Hood
Brisbee & Stockton
139 N.E. Lincoln Street
P.O. Box 567
Hillsboro, OR 97124

      Attorney for Defendant McInnis

George A. Burgott
Luvaas Cobb
777 High Street
Suite 300
Eugene, OR 97401

      Attorney for Defendant Klamath Animal Shelter

Graham M. Sweitzer
Harrang Long Gary Rudnick, PC
1050 S.W. Sixth Avenue, Suite 1600
Portland, OR 97204-1116

      Attorney for Defendant Oregon Humane Society

Janet Marie Schroer
Hart Wagner, LLP
1000 SW Broadway
Suite 2000
Portland, OR 97205

      Attorney for Defendant Laura Caldera Taylor

HERNÁNDEZ, District Judge:

      Plaintiff John Todd brings claims against Defendants under 42 U.S.C. §§ 1983, 1985 for

violations of his Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendment Rights. Defendants

Bunch, Isaacs, Clearly (Defendant Cleary), Rosenblum, Brown, and Klamath County District

Attorney's Office ("State Defendants") move for summary judgment on Plaintiff's claims. The remaining Defendants move to dismiss Plaintiff's claims. For the reasons explained below, the Court grants Defendants' motions.

## BACKGROUND

In June 2015, Klamath County Circuit Judge Roger Isaacs issued a search warrant requested by Defendant McMahon, an animal control officer, to search Plaintiff's property. Compl. at 5–6, ECF 1. In executing the search on Plaintiff's property on June 15, 2015, Officer McMahon and other Klamath County employees seized more than one hundred cats from Plaintiff's home. *Id*. at 7. They also removed items from Plaintiff's home that were not listed on the search warrant. *Id*. at 6. Those items included what Plaintiff characterizes as "exculpatory evidence," *id*. at 6, and included prescription pet medicine, pet carriers, cases of canned cat food, sacks of dry cat food, and the cats. *Id*. at 10. Plaintiff alleges that McMahon and others failed to inventory the property, provide receipts, and did not safeguard and protect the seized property as required by state law. *Id*. at 10. Plaintiff claims that Judge Isaacs should not have issued the search warrant because state law provides that only qualified police officers can apply for a search warrant. *Id*. at 11. Plaintiff also alleges that McMahon lacked legal authority to conduct the search while armed with a firearm because McMahon is not a qualified police officer. *Id*. Plaintiff alleges that McMahon threatened him with the firearm during the search. *Id*. at 10.

The State of Oregon brought criminal charges against Plaintiff based on the evidence obtained during the search. During the criminal case, the court ordered that Plaintiff's property be returned to him, and it never was returned. *Id*. at 7–9. Plaintiff alleges that Klamath County Circuit Court Judge Bunch committed errors in deciding Plaintiff's motion for return of his personal property. *Id*. at 7–8. Plaintiff also alleges that Defendant McMahon committed perjury

during the criminal proceedings. *Id*. at 8. Plaintiff alleges that County Commissioners, Klamath County Sheriff's Department, Governor Brown, and Attorney General Rosenblum failed to adequately investigate and enforce the order for return of his personal property. *Id*. at 9. Plaintiff alleges that the Klamath County District Attorney's Office committed *Brady* violations by failing to produce to Plaintiff exculpatory evidence. *Id*.

Plaintiff filed suit in the Medford Division of this district alleging claims under 42 U.S.C. § 1983 based on the seizure of his cats and other property. *Id*. at 11. That case was assigned to Judge Michael McShane, who ultimately dismissed the case. *Id*. at 12. Plaintiff alleges that Judge McShane failed to uphold and respect the law by dismissing his case and threatening to order sanctions against Plaintiff. *Id*. Plaintiff alleges that Defendant Caldera Taylor (Defendant Caldera), who represented Oregon Humane Society, misrepresented to the court in that case that Plaintiff had surrendered each of his cats even though fifteen of the cats had no surrender paperwork. *Id*. at 14–15.

Plaintiff's First Claim for Relief alleges that Defendants Boyd, Minty Morris, and DeGroot engaged in a "RICO Enterprise" with McMahon when they conspired to conceal McMahon's conversion of Plaintiff's property in an effort to protect Klamath County and the State of Oregon from civil liability for the loss of Plaintiff's property. *Id*. at 16. Plaintiff alleges that the result of the conspiracy was that the Klamath County Circuit Court denied Plaintiff's motion for sanctions for contempt on May 9, 2019. *Id*. Plaintiff seeks damages of $2,500 in attorney's fees plus $500 per day since December 18, 2018, representing $500 in damages for every day that Plaintiff has been without his property since the court ordered the State of Oregon to return it to him. *Id*. at 16–17.

Plaintiff's Second Claim for Relief against Klamath County District Attorney's Office seeks an award of damages for a *Brady* violation for failing to produce McMahon's deposition in Plaintiff's criminal case and presenting false evidence in civil proceedings. *Id.* at 17–18. Plaintiff's Third Claim for Relief alleges that the Klamath County Sheriff's Department conducted an unlawful search by allowing McMahon, who was not a law enforcement officer, to execute the search warrant on Plaintiff's home; allowed McMahon to perform law enforcement duties like carrying a firearm when McMahon was not qualified to do so; and conspired with Klamath County Commissioners to conceal the county's and McMahon's violations of the law. *Id.* at 18–20.

Plaintiff's Fourth Claim for Relief alleges that Defendant Bunch, a Klamath County Circuit Court Judge, violated Plaintiff's state and federal due process rights when Judge Bunch disregarded the law, failed to acquaint himself with the law, let the state's attorney argue that Plaintiff's motion for contempt should hold the assistant district attorney, not the State of Oregon, in contempt, agreeing to hold the assistant district attorney in contempt instead of the State of Oregon, for doing nothing after "becoming aware" that the state had presented misleading testimony at the contempt hearing, and for failing to enter an appealable judgment in his contempt case. *Id.* 20–23. Plaintiff seeks an order commanding Judge Bunch to vacate his May 10, 2019 Opinion Letter, issue declaratory relief as the court deems appropriate, and to allow an unbiased court to hear Plaintiff's Motion for Sanctions for Contempt against the State of Oregon. *Id.* at 24.

Plaintiff's Fifth Claim for Relief against Defendant Isaacs, a Klamath County Circuit Court Judge, alleges that Judge Isaacs violated Plaintiff's Fourth Amendment rights when he issued a search warrant to McMahon, who is not a law enforcement officer. *Id.* at 25–26.

Plaintiff seeks injunctive relief directing Judge Isaacs to vacate his June 12, 2015 issuance for a search warrant for Plaintiff's home and declaratory relief as the Court deems appropriate. *Id*. at 26.

Plaintiff's Sixth Claim for Relief alleges that Defendant McShane, a United States District Judge, violated Plaintiff's due process rights in *Todd v. McMahon*, No. 1:15-cv-01091-MC, when Judge McShane disregarded Oregon laws relating to the issuance of search warrants, refusing to allow oral argument, dismissed Plaintiff's case without addressing all of Plaintiff's arguments, and retaliated against Plaintiff by withdrawing his *in forma pauperis* status. *Id*. at 26–28. Plaintiff seeks injunctive relief directing Judge McShane to vacate his orders in *Todd v. McMahon*, No. 1:15-cv-01091-MC, allow filings in that case to be heard by an unbiased decisionmaker, and issue other relief as the Court deems appropriate. *Id*. at 28.

Plaintiff's Seventh Claim for Relief alleges that the United States Attorney's Office for the District of Oregon conspired with the Klamath County District Attorney's office to deprive Plaintiff of due process and equal protection under the law when they concealed and covered up McMahon's false statements made in a declaration filed in *Todd v. McMahon*, No. 1:15-cv-01091-MC, refused to charge McMahon with perjury, and concealed the existence of McMahon's deposition in violation of *Brady v. Maryland*. Plaintiff alleges a *Bivens* action in which he seeks injunctive, declaratory, or other relief as the Court deems appropriate. *Id*. at 29–30.

Plaintiff's Eighth Claim for Relief alleges that Defendant Cleary[1] conspired with Klamath County authorities to deprive Plaintiff of his civil rights and right to equal protection when Cleary received a report and phone call from the Multnomah County Sheriff's Office

---

[1] Plaintiff misspelled Mr. Cleary's name as "Clearly" in the caption of the Complaint.

indicating that McMahon had made false statements in a declaration filed in Multnomah County Circuit Court, and Cleary covered it up. *Id*. at 30. Plaintiff also alleges Cleary covered up McMahon's deposition in violation of *Brady v. Maryland*. *Id*. Plaintiff's Ninth Claim for Relief alleges that Oregon Attorney General Ellen Rosenblum conspired to conceal McMahon's conversion of Plaintiff's property and refused to investigate Plaintiff's claims for return of his property. *Id*. at 31–32. Plaintiff alleges that Attorney General Rosenblum violated her Oath of Office and Plaintiff's due process and equal protection rights and seeks injunctive relief directing Attorney General Rosenblum to order an investigation into McMahon concerning McMahon's false statements in a police report, deposition, court hearing, and to treat Plaintiff's fifteen missing cats as stolen for purposes of the investigation. *Id*. at 31–33.

Plaintiff's Tenth Claim for Relief alleges that Governor Kate Brown violated Plaintiff's equal protection and due process rights when she refused to direct Attorney General Rosenblum to conduct an investigation into Plaintiff's missing property and to determine why the property was not protected against loss or damage as required by Oregon law. *Id*. at 34. By failing to order an investigation, Plaintiff alleges Governor Brown entered into a conspiracy to conceal and cover up Klamath County's misconduct. *Id*. at 34–35. Plaintiff seeks an injunction ordering Governor Brown to order Attorney General Rosenblum and all state law enforcement agencies to comply with the court order requiring the State of Oregon to return his property. *Id*. at 35.

Plaintiff's Eleventh Claim for Relief alleges that Defendant McInnis, owner of East Ridge Animal Hospital, conspired with McMahon, Oregon Humane Society, and Klamath County Commissioners to seize Plaintiff's property so that Defendant McInnis could receive a financial benefit of $10,000. *Id*. Plaintiff alleges that McInnis converted some of the property to his own use and transferred some of Plaintiff's property to others without the legal authority to

do so. *Id*. at 35–36. Plaintiff seeks the return of his property and the $10,000 that Defendant

McInnis unjustly earned. *Id*. at 36.

Plaintiff's Twelfth Claim for Relief alleges that Defendant Klamath Animal Shelter

conspired with McMahon to steal and conceal the location of six pet carriers that McMahon

seized from Plaintiff's home. Plaintiff seeks an award of rental fees and the replacement cost of

the pet carriers. *Id*. at 36–37. Plaintiff's Thirteenth Claim for Relief alleges that Defendant

Oregon Humane Society ("OHS") conspired with McMahon, McInnis, Klamath County

Commissioners to deprive Plaintiff of his property without due process. *Id*. at 37. Plaintiff also

alleges that Defendant OHS made false statements and entered false evidence into court records.

*Id*. Plaintiff seeks an order compelling OHS to provide an accounting of Plaintiff's property and

any financial benefit OHS received from Plaintiff's property, requiring OHS to pay Plaintiff any

financial benefit it received from Plaintiff's property, requiring OHS to provide Plaintiff the last

known location of Plaintiff's property, and ordering OHS to pay Plaintiff damages resulting from

the conspiracy. *Id*. at 37–38.

Plaintiff's Fourteenth Claim for Relief alleges that Defendant Laura Caldera, an attorney

who represented OHS in Plaintiff's prior lawsuits against OHS, violated the Oregon Rules of

Professional Conduct by making false representations to the Multnomah County Circuit Court

and failing to notify the court of Defendant McMahon's misrepresentations. *Id*. at 38–40.

**STANDARDS**

## I.      Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency

of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the

sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in

the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

Courts must liberally construe pro se pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

///

///

II.    **Summary Judgment**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

///

///

**DISCUSSION**

I.    **Judicial Immunity**

Judge McShane, Judge Bunch, and Judge Isaacson argue that they are entitled to absolute judicial immunity from Plaintiff's claims against them in their official and individual capacities. Judicial immunity bars suits brought to recover damages for acts committed by a judge within their judicial discretion. *See Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). Judicial immunity is an immunity from suit, not the award of damages, and applies to bar suits for declaratory and injunctive relief. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Mullis v. United States Bankruptcy Court for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987). Judicial immunity applies "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The only exceptions to the absolute immunity of judges from suit are: (1) nonjudicial acts (defined as "actions not taken in the judge's judicial capacity") and (2) judicial acts for which the judge lacked jurisdiction. *Mireles*, 502 U.S. at 11.

Plaintiff's claims against Judges McShane, Bunch, and Isaacson arise out of judicial acts in matters that each had jurisdiction to decide. As a result, Plaintiff's claims against Judges McShane, Bunch, and Isaacson are barred by absolute judicial immunity, and Plaintiff's claims against Judges McShane, Bunch, and Isaacson[2] are dismissed with prejudice.

II.    **Prosecutorial Immunity**

Defendants Cleary and Klamath County District Attorney's Office move for summary judgment on Plaintiff's claims based on prosecutorial immunity. Prosecutorial immunity

---

[2] Plaintiff's claims against Judge Isaacson are also barred by the statute of limitations because Plaintiff's complaint alleges acts that occurred more than two years before Plaintiff filed suit. *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) ("Oregon's two-year statute of limitations for personal injury actions applies to actions under 42 U.S.C. § 1983.").

provides absolute immunity to prosecutors functioning in their official capacity. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). Plaintiff's claims against Defendants Cleary and Klamath County District Attorney's Office concern their decision not to prosecute Defendant McMahon for perjury and their alleged *Brady* violations. Compl. at 17–18, 30–31. Because those claims arise from actions taken in their official prosecutorial capacity, Defendants Cleary and Klamath County District Attorney's Office are entitled to summary judgment on Plaintiff's claims.[3]

## III.    Eleventh Amendment Immunity

Klamath County District Attorney's Office and Defendants Brown, Rosenblum, Bunch, Cleary, and Isaacson move for summary judgment on the ground that they are immune from suit under the Eleventh Amendment. State Defs. Mot. Summ. J. 9, ECF 57. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States[.]" U.S. Const. amend. XI. "In general, the Eleventh Amendment shields nonconsenting states from suits for monetary damages brought by private individuals in federal court." *N.E. Med. Servs., Inc. v. Cal. Dep't of Health Care Servs., Health and Human Servs. Agency, State of California*, 712 F.3d 461, 466 (9th Cir. 2013). "States, governmental entities that are considered 'arms of the state,' and state officials who are sued in their official capacities are entitled to Eleventh Amendment Immunity and are not considered 'persons' for purposes of 42 U.S.C. § 1983." *Neri v. Cnty. of Stanislaus Dist. Att'ys Off.*, No. 1:10-cv-823 AWI GSA, 2010 WL 3582575, at *4

---

[3] Additionally, the criminal charges brought against Plaintiff were dismissed. Compl. at 7. Thus, Plaintiff cannot bring a § 1983 claim based on a *Brady* violation. *See Puccetti v. Spencer*, No. 09–6172–AA, 2009 WL 3672905, at *4 (D. Or. Oct. 28, 2009) (granting motion to dismiss § 1983 claim based on *Brady* violations because the plaintiffs were not convicted at trial and thus could not show that the withheld evidence would have produced a different result at trial).

(E.D. Cal. Sept. 9, 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)). County district attorneys are entitled to Eleventh Amendment immunity when "acting in [their] prosecutorial capacity." *Id*. (citing *Del Campo v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir. 2008)).

The State of Oregon has not consented to suits for money damages by private individuals in federal court. Plaintiff's claims against Klamath County District Attorney's Office are based on its failure to produce exculpatory evidence and maintain adequate policies for tracking exculpatory evidence in violation of *Brady v. Maryland* during criminal proceedings brought against Plaintiff and its failure to correct the court record after McMahon made misstatements of material issues during a civil contempt hearing. Compl. 17–18. Both of those allegations concern the Klamath County District Attorney's Office's conduct when its deputy district attorneys were acting as arms of the state to prosecute state crimes. As a result, Klamath County District Attorney's Office is entitled to Eleventh Amendment Immunity. Similarly, Plaintiff's claims against Defendant Cleary, a Multnomah County Assistant District Attorney, result from Cleary's decision not to charge McMahon with perjury and Cleary's alleged conspiracy with Klamath County District Attorney's Office to commit *Brady* violations in the criminal case brought against Plaintiff stemming from the search and seizure of his cats. As a result, Defendant Cleary was acting in an official prosecutorial capacity and is entitled to Eleventh Amendment immunity from Plaintiff's claims brought against him in his official capacity.

Governor Brown and Attorney General Rosenblum are also entitled to Eleventh Amendment Immunity from Plaintiff's claims against them in their official capacities. Plaintiff's claims against Governor Brown and Attorney General Rosenblum allege that they refused to assist Plaintiff in locating or investigating the whereabouts of his cats and other property that the Klamath County Circuit Court ordered the State of Oregon to return to him. Compl. 31–35.

Plaintiff alleges that both Governor Brown and Attorney General Rosenblum failed to perform acts inherent in their job description, official duties, and Oath of Office. *Id.* at 31, 34. Because those allegations amount to claims made against state officials acting in their official capacity, Plaintiff's claims against Governor Brown and Attorney General Rosenblum in their official capacities are barred by Eleventh Amendment Immunity. *Graham*, 473 U.S. at 169. For the same reasons, Judge Bunch and Judge Isaacson, who Plaintiff sued in their official capacities, are also entitled to Eleventh Amendment Immunity from Plaintiff's official capacity claims.

## IV.    Sovereign Immunity

Defendants United States Attorney's Office for the District of Oregon (USAO) and Judge McShane move to dismiss Plaintiff's claims on sovereign immunity grounds. Judge McShane argues that Plaintiff's claims against Judge McShane in his official capacity are barred by sovereign immunity. A suit against a federal employee sued in their official capacity is a suit against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (suit against an entity official in their official capacity is to be treated as a suit against the entity). The United States cannot be sued without its express consent, which is a prerequisite for the court's jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). The plaintiff bears the burden to plead and prove that the court has jurisdiction to hear claims brought against the United States. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

Plaintiff does not allege or identify any waiver of sovereign immunity that would provide this Court with jurisdiction to hear Plaintiff's claims against Judge McShane. As a result, this Court lacks jurisdiction to hear Plaintiff's official-capacity claims against Judge McShane.

Plaintiff brings a *Bivens* action against USAO which alleges that USAO possessed evidence since April 2017 that demonstrated that statements Defendant McMahon made in a declaration filed in a 2015 federal court case before Judge McShane, *Todd v. McMahn*, No. 1:15-cv-01091-MC, were false and that USAO covered up the false statements and failed to charge Defendant McMahon with perjury. *Id*. at 29. Plaintiff also suggested in response to Defendant USAO's motion that USAO violated various federal codes by failing to investigate alleged crimes reported by Plaintiff. Pl. Resp. 4–5, ECF 126. Plaintiff also alleges that USAO conspired with Klamath County authorities to conceal and cover up McMahon's deposition so that Klamath County District Attorney's Office would not be required to produce it in Plaintiff's criminal case. Compl. at 29.

Defendant USAO moves to dismiss Plaintiff's claims in part because it has sovereign immunity as an agency of the federal government. USAO Mot. Dismiss 4, 6–7, ECF 123. Defendant USAO is correct. The USAO is an office within a federal agency, and there has been no waiver of sovereign immunity that allows Plaintiff to bring a *Bivens* action against the United States. *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1984) (citing *Holloman*, 708 F.2d at 1401–02)); *Hopper v. United States*, No. 2:12-cv-00503-JCM-PAL, 2013 WL 1908341, at *2 (D. Nev. Mar. 20, 2013). As a result, Plaintiff's claims against USAO must be dismissed.

## V.    Claim & Issue Preclusion

Defendants OHS and Caldera argue that Plaintiff's claims against them are barred by the doctrines of claim and issue preclusion because the same claims and issues Plaintiff raises against them in this lawsuit were fully litigated in Plaintiff's five prior cases against Defendant OHS and others. OHS Mot. Dismiss 3–7, ECF 52; Caldera Mot. Dismiss 2, ECF 54. Defendants Boyd, Morris, DeGroot, McMahon, and Klamath County Sheriff's Office (County Defendants)

also move to dismiss Plaintiff's claims based on claim and issue preclusion. County Defs. Mot. Dismiss 5, ECF 39.

A.     Claim Preclusion

A suit is barred by claim preclusion if: "(1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits." *Central Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002) (citing *Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971)). Determining whether the prior litigation involved the same claim requires consideration of four factors: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Plaintiff's claims against OHS are barred by claim preclusion. Plaintiff brings claims against OHS under § 1983 and § 1985 for violating Plaintiff's due process rights and conspiring with Defendants McMahon, McInnis, Klamath County Commissioners, and OHS to deprive Plaintiff of his right to due process by obtaining his property "without Court authorization or any other legal documentation." Compl. at 37. Plaintiff raised similar claims in his prior lawsuits against OHS. Plaintiff filed suit against OHS in this Court on March 14, 2016, alleging claims under §§ 1983 and 1985 based on allegations that Defendant OHS violated his procedural due process rights when it received and transferred ownership of his ninety-five cats to new owners and seized pet carriers, pet foot, and cat medicine worth several hundred dollars. Hisel Decl. Ex.

7 at 8, 15, ECF 40-1.[4] Plaintiff sought monetary damages. *Id*. The Court dismissed Plaintiff's claims against OHS for failure to state a claim and entered judgment dismissing the case with prejudice. *Id*. at 20–21.

Plaintiff's claims in this case satisfy each of the factors for determining whether he brings the same claim in this lawsuit as he raised in his 2016 lawsuit. First, Plaintiff's claims in both cases arise out of the same transactional nucleus of facts: OHS's involvement in the aftermath of the June 2015 execution of a search warrant on Plaintiff's property and seizure of his cats and other personal property. Second, Defendant OHS established in the prior litigation its lack of liability for any of Plaintiff's alleged losses, and that ruling would be impaired by the prosecution of this action. Third, the two suits involve alleged infringement of Plaintiff's procedural due process rights and his alleged rights under § 1985. Fourth, Plaintiff will present the same evidence at issue in the prior litigation, including the deposition of Defendant McMahon, filings and transcripts made in Plaintiff's several other cases arising from the same incident, and testimony of the same witnesses. Consequently, Plaintiff's claims in this case are the same claims he raised in his 2016 federal court case.

Plaintiff's 2016 lawsuit thus involved the same parties, same claim, and resulted in a final judgment on the merits. *See Tech. Licensing Corp. v. Thomson, Inc.*, 738 F. Supp. 2d 1096, 1100 (E.D. Cal. 2010) (a claim results in a final judgment on the merits if the court dismisses it with prejudice). As a result, Plaintiff's claims against OHS are barred by claim preclusion.[5]

---

[4] To the extent that the Court relies on them in this Opinion, the Court takes judicial notice of the exhibits to the Hisel Declaration under Fed. R. Evid. 201.

[5] At least two other courts reached the same conclusion as to Defendant OHS and other defendants named in this case in *Todd v. Or. Humane Soc'y*, No. 16CV18650, and *Todd v. Skrah*, No. 1:17-cv-00738-CL, 2017 WL 3429387, at *6 (D. Or. June 19, 2017), *aff'd*, 728 F. App'x 745, 746 (9th Cir. 2018). Hisel Decl. Ex. 9 at 37, Ex. 11 at 13.

County Defendants move to dismiss on both claim and issue preclusion grounds. Because the claims Plaintiff brings against County Defendants are the same as those he brings against OHS—that County Defendants conspired to deprive Plaintiff of his civil rights during and after Defendant McMahon seized Plaintiff's cats and other property—and Plaintiff has brought those claims against each of the County Defendants in prior lawsuits, Plaintiff's claims are barred by claim preclusion. Plaintiff sued Defendants McMahon, Klamath County Animal Control, and Klamath County in 2016 for violating his Fourth, Fifth, and Fourteenth Amendment rights when they seized his cats and property, and Plaintiff sought damages under § 1983. Hisel Decl. Ex. 1 at 10. The Court granted the defendants' motion for summary judgment, *id*. at 24, and entered judgment in favor of the defendants, *id*. at 25. Thus, Plaintiff's claims against McMahon and Klamath County Animal Control are barred by claim preclusion. *See Factory Dir. Wholesale, LLC v. iTouchless Housewares & Prods., Inc.*, 411 F. Supp. 3d 905, 915 (N.D. Cal. 2019) (claim preclusion bars claims that could have been raised in a prior action).

Plaintiff sued Defendants McInnis and Morris in a 2015 case filed in federal court. Hisel Decl. Ex. 6 at 3. Plaintiff alleged that those defendants were liable for damages under §§ 1983 and 1985 for violating his Fourth, Fifth, and Fourteenth Amendment rights. *Id*. at 3, 5. The basis for his claims was the seizure of his cats by Klamath County Animal Control officers. *Id*. at 5. The Court dismissed Plaintiff's claims with prejudice, *id*. at 11, and entered judgment for the defendants, *id*. at 18. Thus, Plaintiff's claims against McInnis and Morris are also barred by claim preclusion.

Plaintiff brought the same claims against Defendant Klamath County Sheriff's Office in 2017, Hisel Decl. Ex. 11 at 5–6, and sued Klamath County Animal Control in 2015, Hisel Decl. Ex. 3 at 3. Both claims ended in a final judgment on the merits in favor of the defendants. Hisel

Decl. Ex. 3 at 15, Ex. 11 at 36. Plaintiff's claims against Defendants Klamath County Sheriff's Office and Klamath County Animal Shelter are thus also barred by the doctrine of claim preclusion.

Plaintiff brings new Racketeer Influenced Corrupt Organizations Act (RICO) claims against Defendants in this case. However, because those claims could have been brought in Plaintiff's prior cases against the same defendants or their privies, those claims, too, are barred by claim preclusion. *Factory Dir. Wholesale, LLC*, 411 F. Supp. 3d at 915.

B.    Issue Preclusion

To the extent that fewer than all of Plaintiff's claims in this litigation are barred by claim preclusion, his remaining claims are barred by issue preclusion. The United States Supreme Court held that "[o]nce a court has decided an issue, it is 'forever settled as between the parties[.]'" *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) (quoting *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 525 (1931)). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979). The general rule is that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *B & B Hardware, Inc.*, 575 U.S. at 148 (quoting Restatement (Second) of Judgments § 27, p. 250 (1980)).

Plaintiff raises in this lawsuit the same issues he has raised numerous times before: whether a search warrant issued for the seizure of his cats and other property was valid; whether Defendants violated his civil rights by seizing his cats and failing to return his cats and other property; and whether Defendants conspired to violate his civil rights in the resulting litigation that ensued. Plaintiff has litigated each of those issues unsuccessfully in state and federal courts. *See, e.g.,* Hisel Decl. Exs. 1–14. As a result, all issues he raises in this lawsuit, to the extent not barred on the other grounds described in this opinion, are barred by the doctrine of issue preclusion.

## VI.    Statute of Limitations

Defendants USAO, Klamath Sheriff's Office, Caldera argue that Plaintiff's claims against it are barred by the statute of limitations. Defendant USAO argues that Plaintiff's *Bivens* claim accrued in April 2017, and Plaintiff filed this lawsuit more than two years later. USAO Mot. Dismiss 8–9. Defendant Caldera argues that Plaintiff's § 1983 and § 1985 claims against her are barred by the statute of limitations because they accrued, at latest, in 2017. Caldera Mot. Dismiss 14.

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). Federal courts apply the forum state's statute of limitations for personal injury actions to § 1983 claims. *Owens v. Okure*, 488 U.S. 235, 240–41 (1989). Under Oregon law, personal injury tort claims have a two-year statute of limitations. O.R.S. 12.110(1). As a result, § 1983 claims brought in Oregon have a two-year statute of limitations. *Sanok v. Grimes*, 306 Or. 259, 263, 760 P.2d 228 (1988). Federal law, on the other hand,

determines when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A § 1983 claim accrues when "the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id*. (internal quotation marks and citations omitted). When claims are barred by the statute of limitations, a court may dismiss the plaintiff's claims without leave to amend because amendment would be futile. *Platt Elec. Supply, Inc. v. EOFF Elec. Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

Plaintiff's complaint alleges events that took place in June 2015 when his cats and other property were seized during a search. Compl. at 5–6. Plaintiff also alleges constitutional violations when various defendants conspired to conceal Defendant McMahon's allegedly unlawful seizure of Plaintiff's property in 2015. *Id*. at 16. Plaintiff knew he had a complete and present cause of action arising from those acts in 2015, which is demonstrated by his filing of at least five lawsuits in 2015 alleging constitutional violations and conspiracy under §§ 1983, 1985 based on those acts. *See* Hisel Decl. Exs. 1 – 5. Plaintiff's claims against Caldera are based on her conduct in prior lawsuits involving Defendant OHS which were dismissed in March and May 2017. Plaintiff filed this lawsuit on December 13, 2019. Compl. at 1. Plaintiff's claims against Caldera and other Defendants arising from conduct that occurred before December 13, 2017, are thus barred by the two-year statute of limitations.

## VII. Failure to State a Claim

Defendant Caldera moves to dismiss Plaintiff's claims against her, in part, because Plaintiff failed to state a claim for relief against her under § 1983 and § 1985.

### A. Section 1983 Claim

To state a claim under § 1983, the plaintiff must allege that a defendant acting under color of state law deprived him of a federal constitutional or statutory right. *Anderson v. Warner*,

451 F.3d 1063, 1067 (9th Cir. 2006). Plaintiff's complaint alleges that Defendant Caldera, a

private attorney for OHS, violated the Oregon Rules of Professional Conduct applicable to

lawyers, submitted a false declaration to a court, and refused to correct the record. His complaint

does not allege that Defendant Caldera was acting under the color of state law, and her role as a

private attorney for a private party demonstrates that she was not acting under color of state law.

*See Jensen v. Lane Cnty.*, 222 F.3d 570, 574 (9th Cir. 2000) (no cause of action exists under §

1983 against a private actor unless the private actor participates in a governmental act that

creates a "sufficiently close nexus between the state and private actor so that the action of the

latter may fairly be treated as that of the State itself.") (internal quotations omitted). As a result,

Plaintiff has failed to state a claim for relief under § 1983 against Defendant Caldera.[6]

     B.    Section 1985 Claim

To state a claim under § 1985, a plaintiff must allege that (1) racial or class-based

discriminatory animus motivated the conspirators' action; and (2) the conspiracy "aimed at

interfering with rights that are protected against private, as well as official, encroachment[.]"

*Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993) (internal quotations

omitted); 42 U.S.C. § 1985. Plaintiff's complaint does not allege that the actions of any

defendant in this case were motivated by Plaintiff's membership in a class entitled to equal

protection under the laws. Nor do his allegations give rise to any such inference. As a result, the

Court dismisses Plaintiff's § 1985 claims against all Defendants.

///

///

---

[6] Other Defendants raised arguments that Plaintiff failed to state a claim against them under §
1983. The Court need not address their arguments because the Court dismisses Plaintiff's claims
against those Defendants with prejudice on other grounds.

**CONCLUSION**

The Court GRANTS the Motions to Dismiss filed by Defendants Klamath Animal

Shelter [7], County Defendants [39], McInnis [50], Oregon Humane Society [52], Caldera [54],

Judge McShane [122], and USAO [123]. The Court GRANTS State Defendants' Motion for

Summary Judgment [57]. The Court denies Plaintiff leave to amend because no amendment

could cure the deficiencies in Plaintiff's complaint. Plaintiff's claims are dismissed with

prejudice. Because Plaintiff has repeatedly attempted to bring claims against Defendants arising

from the 2015 seizure of his cats in this Court, the Court will enter a Pre-Filing Review Order.

IT IS SO ORDERED.


DATED:___March 29, 2021_____.



MARCO A. HERNÁNDEZ
United States District Judge